United States Court of Appeals
For the Eighth Circuit
_____

No. 15-1333
_____

Dennis Macklin

*Plaintiff - Appellant*

v.

FMC Transport, Inc.

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock
_____

Submitted: December 16, 2015
Filed: March 7, 2016
_____

Before MURPHY, BENTON, and KELLY, Circuit Judges.
_____

KELLY, Circuit Judge.

On April 26, 2010, Dennis Macklin was in an accident while driving his truck as an independent lease truck driver for FMC Transport. Under FMC Transport's safety and performance system, each driver started the year with twelve points, and points were deducted in varying amounts for safety violations. Preventable accidents typically resulted in the loss of anywhere from three to twelve points. If drivers lost all of their points within a year, their contracts or leases with FMC Transport were

terminated. On May 24, 2010, FMC Transport's accident review board concluded that Macklin's accident was preventable, and deducted four points from Macklin's safety and performance point total. Macklin's loss of four points from the April 26 accident meant the loss of all his points for that year, and his lease with FMC Transport was accordingly terminated.

Though Macklin did not appeal the accident review board's decision, he subsequently filed suit against FMC Transport, alleging racial discrimination in violation of 42 U.S.C. § 1981. The district court[1] granted summary judgment in favor of FMC Transport, concluding that Macklin had not presented sufficient evidence to establish a prima facie case of discrimination. Macklin timely appealed.

We review the district court's grant of summary judgment de novo. Young v. Builders Steel Co., 754 F.3d 573, 577 (8th Cir. 2014). A grant of summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In applying this standard, we view the evidence in the light most favorable to the non-moving party. Young, 754 F.3d at 577. However, the non-moving party "may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial." Mann v. Yarnell, 497 F.3d 822, 825 (8th Cir. 2007).

"To survive a motion for summary judgment on [a] race discrimination claim," a plaintiff must "either 'present admissible evidence directly indicating unlawful discrimination,'" or "create 'an inference of unlawful discrimination under the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).'" Young, 754 F.3d at 577 (quoting Humphries v. Pulaski Cty. Special Sch. Dist., 580 F.3d 688, 692 (8th Cir. 2009)). Here, Macklin did not provide

---

[1]The Honorable Kristine G. Baker, United States District Judge for the Eastern District of Arkansas.

direct evidence of unlawful discrimination,[2] and his claim is therefore subject to the McDonnell Douglas analysis. Under the McDonnell Douglas framework, a presumption of discrimination arises when the plaintiff establishes a prima facie case of discrimination. Davis v. Jefferson Hosp. Ass'n, 685 F.3d 675, 681 (8th Cir. 2012). "To establish a prima facie case for race discrimination, 'a plaintiff must show (1) he is a member of a protected class, (2) he met his employer's legitimate expectations, (3) he suffered an adverse employment action, and (4) the circumstances give rise to an inference of discrimination (for example, similarly situated employees outside the protected class were treated differently).'" Young, 754 F.3d at 577 (quoting Gibson v. Am. Greetings Corp., 670 F.3d 844, 853–54 (8th Cir. 2012)). If a plaintiff establishes his prima facie case, the burden shifts to the defendant to show a non-discriminatory reason for the adverse action. Id. at 577–78. If the defendant does so, the burden shifts back to the plaintiff to establish that the proffered non-discriminatory reason is pretextual. Id. at 578.

There is no dispute that Macklin is a member of a protected class (he is African American), or that he suffered an adverse employment action when FMC Transport terminated his lease. The remaining questions, then, are whether Macklin met FMC Transport's legitimate expectations and whether the circumstances give rise to an inference of discrimination. Macklin argues that he met FMC Transport's legitimate expectations because his accident was not in fact preventable. Young, 754 F.3d at 577. However, Macklin did not appeal the accident review board's determination that the accident was preventable, and did not present FMC Transport with the evidence he now cites to support the assertion that the accident was unpreventable. As the

---

[2]Macklin argues that he is not required to present direct evidence to support a mixed-motive theory of discrimination. This argument appears to be based on a simple misunderstanding of the applicable law. Though Macklin is not required to provide direct evidence of discrimination to survive summary judgment, if he does not do so he must establish a prima facie case of discrimination under the McDonnell Douglas framework to create an inference of discrimination. Id. at 577.

district court found, the record evidence also does not support a conclusion that FMC Transport failed to follow its own safety and performance policies in determining that the accident was preventable. In other words, FMC Transport complied with its own policies in determining that Macklin's accident was preventable, and Macklin's failure to appeal meant that FMC Transport did not have occasion to revisit the determination that Macklin now challenges.[3]

Even if Macklin did meet FMC Transport's legitimate expectations, he has nevertheless failed to present evidence that supports an inference of discrimination. Macklin first alleges that the circumstances of his termination create an inference of discrimination because FMC Transport treated similarly-situated Caucasian drivers differently than it treated him. Specifically, Macklin argues that FMC Transport failed to record information about the accidents of or deduct points from four Caucasian drivers who were involved in accidents while driving as independent lease truck drivers for FMC Transport. Macklin also argues that FMC Transport failed to record information about the preventable accidents of three Caucasian drivers, and deducted only three points from those drivers as opposed to four from Macklin. Finally, Macklin argues that two Caucasian drivers who left FMC Transport's employment after losing all twelve of their safety points were subsequently rehired by FMC Transport, while FMC Transport's safety manager indicated that FMC Transport would be unwilling to rehire Macklin.

---

[3]Before the district court, Macklin argued that FMC Transport violated its own safety and performance policies in concluding that the accident was preventable, and that those violations supported an inference of discrimination. See Young at 578 (stating that an inference of discrimination may arise if an employer treats similarly-situated employees differently, failed to follow its own policies, or provides explanations for its actions that are not credible) (citing Lake v. Yellow Transp., Inc., 596 F.3d 871, 874 (8th Cir. 2010)). Macklin does not raise this issue on appeal.

Macklin did not establish, however, that he was similarly situated to these comparator groups "in all relevant aspects." Young, 754 F.3d at 578 (quoting Chappell v. Bilco Co., 675 F.3d 1110, 1119 (8th Cir. 2012)). As the district court noted, Macklin did not present facts to suggest that the first group of drivers' accidents were preventable, that the accidents of the drivers in either of the first two groups were comparable to his accident, or that the drivers who were rehired by FMC Transport had comparable safety and performance records. See Chappell, 675 F.3d at 1119. Without evidence that the other drivers' accidents, or their safety and performance records, were comparable to Macklin's, a reasonable fact finder could not conclude that the circumstances of Macklin's termination gave rise to an inference of discrimination. See id. (holding that without evidence that infractions committed by other employees were similar to those committed by the plaintiff, the plaintiff "ha[d] not demonstrated that similarly situated employees were treated more favorably"). We do take careful note of Macklin's assertion that FMC Transport failed to record the facts and circumstances of its Caucasian drivers' accidents. If evidence supported this contention, the failure to record could itself support an inference of discrimination. In that situation, Macklin would arguably be similarly situated in all relevant aspects to other FMC Transport drivers who were involved in accidents, with the exception of FMC Transport's discriminatory failure to record the accidents of some drivers but not others. Id. (holding that in considering whether comparators are similarly situated in all relevant respects, "the relevant respects are the conduct of the employees and any disparity in their discipline"). A company should not be permitted to insulate itself from charges of discrimination simply by discriminating against certain drivers at an earlier stage of the safety and performance process. But here, the evidence does not support the conclusion that FMC Transport failed to keep accident records for some drivers and not others. The only evidence in the record on this issue suggests that FMC Transport simply does not keep violation reports indefinitely, and that after three years they are removed from the relevant files and destroyed. Even construing all the evidence in the light most favorable to

Macklin, there is insufficient evidence regarding the circumstances of Macklin's termination to support an inference of discrimination.

In addition to arguing that he was treated differently from similarly-situated drivers, Macklin argues that FMC Transport employees, including the person who distributed driving assignments, spoke and acted in ways that demonstrated racial animus on the part of FMC Transport. However, Macklin cites to no evidence in the record that would suggest that racial animus on the part of his coworkers was attributable to FMC Transport's managers, supervisors, or other decisionmakers, or that this animus was related to his lease termination. See Griffith v. City of Des Moines, 387 F.3d 733, 736, 739 (8th Cir. 2004).

Macklin has not established a prima facie case of racial discrimination under the McDonnell Douglas framework, because he has not shown that the circumstances of his termination gave rise to an inference of discrimination. Gibson, 670 F.3d at 853–54. We acknowledge that Macklin's allegations of discrimination are plausible and, if factually supported, would be troubling. But to survive summary judgment, Macklin is required to identify specific facts from which, if proven, a reasonable fact finder could infer unlawful discrimination. Young, 754 F.3d at 577. Because he failed to show that the circumstances of his termination give rise an inference of discrimination, Macklin has not met his burden. Id. at 579.

Accordingly, we affirm the judgment of the district court.

_____