# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1426
_____

Marion Carter

*Plaintiff - Appellant*

v.

Pulaski County Special School District

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock
_____

Submitted: January 17, 2020
Filed: April 24, 2020
_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.
_____

BENTON, Circuit Judge.

Marion L. Carter sued the Pulaski County Special School District for race discrimination under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000(e)), the Equal Protection Clause of the Fourteenth Amendment (as enforced by 42 U.S.C. § 1983) and the Arkansas Civil Rights Act of 1993 (Ark. Code Ann. § 16-123-107).

The district court[1] granted summary judgment for the District, dismissing all of Carter's claims. *See Carter v. Pulaski Cty. Special Sch. Dist.*, 2019 WL 386173, at \*4 (E.D. Ark. Jan. 30, 2019). She appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

## I.

Carter (an African-American woman) is a teacher at Joe T. Robinson High School in the Pulaski County Special School District. She also coached the cheer and dance teams, receiving $2,670 annual pay for each team. In March 2017, Principal Mary Carolyn Bailey (a Caucasian woman) recommended to District Superintendent Dr. Jerry Guess (a Caucasian man) that Carter's cheer and dance duties be non-renewed for the 2017-2018 school year and that she be offered a teaching contract only. Principal Bailey gave three reasons: (1) lack of student participation in the cheer and dance programs the last two years; (2) inappropriate cheer routines at sporting events; and (3) inappropriate behavior of cheerleaders during out-of-town travel. Based on these recommendations, Dr. Guess sent Carter a non-renewal letter in April 2017. It stated the "reason for this action is '*conduct unbecoming a professional employee*,'" listing the following examples:

> 1. There has been a lack of participation on the cheerleading squad and dance teams at Robinson High for the last two years. For the 2015-2016 school year, thirteen (13) students tried out for the cheerleading squad and fourteen (14) students tried out for Dance Team. For the 2016-2017 school year, eleven (11) students tried out for the cheerleading squad and nine (9) students tried out for Dance Team. Try-outs for the 201[7]-2018 school year have not been held yet, but several girls have indicated they will not be trying out.

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

2. Parents have complained about you allowing the cheerleaders to perform what they consider to be an inappropriate cheer routine at sporting events.

3. Last year, Ms. Bailey received phone calls from witnesses alleging that the cheerleaders were very disorderly and combative to the staff at Chicken Express in Conway during travel for an out of town game. The witnesses also stated you did nothing to calm them down.

Carter requested a hearing before the District's School Board pursuant to the Arkansas Teacher Fair Dismissal Act. After a hearing, the Board accepted Dr. Guess's recommendation to non-renew Carter's cheer and dance contract. The District filled the cheer coach position with an African-American woman; it eliminated all dance teams district-wide.

Carter sued the District for race discrimination. The District moved for summary judgment, claiming that "[t]he non-renewal of Carter's cheerleading and dance team supplemental contract had nothing to do with her race, but was based on the legitimate and nondiscriminatory reasons outlined in the notice letter she received on April 18, 2017." The district court granted the motion. Carter appeals.

II.

This court reviews a grant of summary judgment de novo, viewing the evidence most favorably to the non-moving party. *Gallagher v. Magner*, 619 F.3d 823, 830 (8th Cir. 2010). "A grant of summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Macklin v. FMC Transp., Inc.*, 815 F.3d 425, 427 (8th Cir. 2016), *quoting* **Fed. R. Civ. P. 56(a)**. "To survive a motion for summary judgment on a race discrimination claim, a plaintiff must either present admissible evidence directly indicating unlawful discrimination, or create an inference of

unlawful discrimination under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." ***Id.*** (cleaned up).

Carter did not provide direct evidence of unlawful discrimination, so this court analyzes under *McDonnell Douglas*. Under this framework, "a presumption of discrimination arises when the plaintiff establishes a prima facie case of discrimination." ***Id.*** "To establish a prima facie case for race discrimination," a plaintiff must show: (1) she "is a member of a protected class," (2) she met her "employer's legitimate expectations," (3) she "suffered an adverse employment action," and (4) "the circumstances give rise to an inference of discrimination (for example, similarly situated employees outside the protected class were treated differently)." ***Id.*** "If a plaintiff establishes [a] prima facie case, the burden shifts to the defendant to show a nondiscriminatory reason for the adverse action." ***Id.*** "If the defendant does so, the burden shifts back to the plaintiff to establish that the proffered non-discriminatory reason is pretextual." ***Id.*** at 427-28.

There is no dispute that Carter is a member of a protected class and suffered an adverse employment action. However, the parties dispute whether the circumstances give rise to an inference of discrimination. Carter alleges they do because a similarly situated Caucasian cheerleading coach, Amber Populis, was treated differently. According to Carter, Populis allowed her cheer team to perform "a vulgar routine" during the 2012-2013 school year. Carter complained about the routine to Principal Bailey (then interim principal), but Bailey did nothing. Principal Bailey testified that she did not recall the complaints against Populis. Populis resigned at the end of the 2012-2013 school year.

Employees are similarly situated only when they are "similarly situated in all relevant respects" and "are involved in or accused of the same offense and are disciplined in different ways." ***Harvey v. Anheuser-Busch, Inc.***, 38 F.3d 968, 972 (8th Cir. 1994). Carter was removed from her cheer and dance duties, in part due to

multiple complaints about the routines being inappropriate. At best, there is evidence of only one complaint against Populis's routines, and that was from Carter. *See Tolan v. Cotton*, 572 U.S. 650, 651 (2014) ("[I]n ruling on a motion for summary judgment, '[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.'"), *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); **Fed. R. Civ. P. 56(c)(1)(A)** ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: citing to particular parts of materials in the record, including depositions.") But Carter was removed from her duties based on two other reasons—low participation rates and team misconduct while traveling. There is no evidence that Populis had similar issues. Thus, Populis was not similarly situated in all relevant respects.

Carter disagrees, maintaining that she and Populis *were* similarly situated because the two other reasons—low participation rates and team misconduct while traveling—were not true reasons for her nonrenewal. *See Lake v. Yellow Transp. Inc.*, 596 F.3d 871, 874 (8th Cir. 2010) ("Evidence of pretext, normally considered at step three of the *McDonnell Douglas* analysis, can satisfy the inference-of-discrimination element of the prima facie case."). Specifically, she claims the District did not produce additional evidence of the low participation rates during discovery and "did not consider the incident at Chicken Express to be serious enough" to warrant termination because it subsequently renewed her contract. This is not enough to create a genuine factual dispute over whether the District's reasons are "[]worthy of credence," however, because there is an uncontested "basis in fact" for each. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1047 (8th Cir. 2011) (en banc).

At the termination hearing, Principal Bailey testified to the decline in participation on the cheer and dance teams, and the District provided some documentation supporting her testimony. Carter does not contest this decline. The District's lack of additional evidence does not create a genuine issue of material fact

about pretext. *See id.* at 1051 ("In this case, a reasonable jury could not infer pretext from the absence of evidence.").

As for the last reason, Carter acknowledged the team misconduct while traveling to a basketball tournament, conceding that the students were loud at a Chicken Express, the situation was "very tense," and the District received complaints about it. It is undisputed that the cheerleaders were prohibited from participating in the remainder of the tournament until Principal Bailey "could complete an investigation." After the investigation, Principal Bailey concluded that "the behavior of the cheerleading squad was completely and totally unacceptable." Carter's different conclusion that the incident was not serious enough to warrant termination—even in conjunction with other reasons—does not create a genuine issue of material fact about pretext. *See Edmund v. MidAmerican Energy Co.*, 299 F.3d 679, 685-86 (8th Cir. 2002) ("Federal courts do not sit as super personnel departments reviewing the wisdom or fairness of the business judgments made by employers, except to the extent that those judgments involve intentional discrimination." (internal quotation marks omitted)).

As the district court found, Carter's allegations are insufficient to defeat summary judgment. "The nonmoving party may not rely on allegations or denials," but rather "must substantiate [her] allegations with sufficient probative evidence that would permit a finding in [her] favor on more than mere speculation or conjecture." *Ball v. City of Lincoln, Nebraska*, 870 F.3d 722, 727 (8th Cir. 2017) (cleaned up). Because Populis was not similarly situated, Carter cannot show an inference of discrimination. *See id.* ("Even if some factual dispute exists, the movant is entitled to summary judgment if the evidence, taken as a whole, is so one-sided that a fair-minded trier of fact could not find for the nonmoving party."), *citing Anderson*, 477 U.S. at 252. *See also Torgerson*, 643 F.3d at 1042 ("Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there

-6-

is no genuine issue for trial."), *quoting **Ricci v. DeStefano***, 557 U.S. 557, 586 (2009). The district court did not err in granting summary judgment to the District.

* * * * * * *

The judgment is affirmed.

_____