# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 21-3819

———————————————

Christopher Cross

*Plaintiff - Appellant*

v.

United Parcel Service, Inc.

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Northern

——————————

Submitted: February 17, 2023
Filed: June 7, 2023
[Unpublished]

——————————

Before SMITH, Chief Judge, STRAS and KOBES, Circuit Judges.

——————————

PER CURIAM.

Christopher Cross alleges employment discrimination under 42 U.S.C. § 1981 after he was fired from his job as a package delivery driver at United Parcel Service, Inc. (UPS). The district court[1] granted summary judgment to UPS, and we affirm.

---

[1]The Honorable D.P. Marshall Jr., Chief Judge, United States District Court for the Eastern District of Arkansas.

While Cross was delivering packages, a homeowner flagged him down because she thought he hit her mailbox. He denied it. But because it was dark outside, Cross promised to come back to look at the mailbox during the day. He never returned, so the homeowner complained to UPS. Cross's supervisor and manager then went to look at the mailbox. They noticed that it was wobbly and slightly crooked. They also inspected the package car and found scratches on the passenger side and paint on the bumper that appeared to match the mailbox. The next day, they asked Cross about the incident. Cross denied hitting the mailbox and was fired.

Cross, a black man, claims that he was fired because of his race. UPS maintains that Cross was fired because he failed to report an accident and was dishonest about it. The district court granted summary judgment to UPS, finding that Cross could not demonstrate pretext and there were no genuine issues for trial. We review the district court's grant of summary judgment *de novo* and view the facts in the light most favorable to Cross. See Recio v. Creighton Univ., 521 F.3d 934, 938 (8th Cir. 2008). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

There is no direct evidence of discrimination, so the McDonnell Douglas burden-shifting framework applies. Macklin v. FMC Transp., Inc., 815 F.3d 425, 427 (8th Cir. 2016); see McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Cross must first "establish a prima facie case of discrimination," and if he succeeds, "the burden shifts to [UPS] to show a nondiscriminatory reason for the adverse action." Macklin, 815 F.3d at 427. "If [UPS] does so, the burden shifts back to [Cross] to establish that the proffered non-discriminatory reason is pretextual." Id. at 427–28.

We assume without deciding that Cross has established a prima facie case. See, e.g., Walker v. First Care Mgmt. Grp., 27 F.4th 600, 605 (8th Cir. 2022). UPS has a legitimate nondiscriminatory reason for the termination: that Cross failed to

report an accident and was dishonest about it. With the burden shifted back to Cross, we ask whether Cross has shown that UPS's reason for firing him was pretextual. At the outset, Cross argues that there is a genuine dispute of material fact—Cross says he did not hit the mailbox; UPS says he did. Although disputed, this fact is not material:

> If an employer, in explaining a termination, says it believed that the employee violated company rules, then proof that the employee never violated company rules does not show that the employer's explanation was false. That proof shows only that the employer's belief was mistaken. To prove that the employer's explanation was false, *the employee must show the employer did not truly believe that the employee violated company rules*.

Pulczinski v. Trinity Structural Towers, Inc., 691 F.3d 996, 1003 (8th Cir. 2012) (emphasis added). Cross has not presented evidence that UPS did not truly believe that he violated company rules. Even if Cross did not hit the mailbox, UPS's mistaken belief does not demonstrate pretext.

Cross may also demonstrate pretext by proving that a "similarly situated coworker[] w[as] treated more favorably." Burton v. Ark. Sec'y of State, 737 F.3d 1219, 1230 (8th Cir. 2013). A similarly situated coworker is someone who "dealt with the same supervisor, [was] subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances." Johnson v. Securitas Sec. Servs. USA, Inc., 769 F.3d 605, 613 (8th Cir. 2014) (en banc) (citation omitted). At the pretext stage, the test for whether someone is similarly situated is "rigorous." Walker, 27 F.4th at 605.

Cross points to a white part-time preloader. The preloader damaged a door handle on a UPS truck and didn't report it. When asked about it, he admitted to damaging the truck and was not fired. The district court held that the preloader was not similarly situated to Cross, and we agree. The preloader was not a package driver like Cross, had less experience than Cross, and worked part-time whereas Cross was

a full-time driver. And when asked about the damage, the preloader admitted to causing it, which is a "distinguishing circumstance[]." See Johnson, 769 F.3d at 613 (citation omitted). Regardless of whether Cross actually hit the mailbox, the preloader is not a similarly situated coworker.

We affirm the district court's grant of summary judgment.

————————————————