United States Court of Appeals
For the Eighth Circuit

_____

No. 23-2333
_____

Stevie Whitehorn

*Plaintiff - Appellant*

v.

Maverick Tube Corporation, formerly known as Tenaris Hickman

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Northern
_____

Submitted: January 10, 2024
Filed: February 8, 2024
[Unpublished]
_____

Before SMITH, Chief Judge, GRUENDER and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

In 2019, five pipes, each weighing over a ton, fell from a truck being driven by Stevie Whitehorn at his employer Maverick Tube Corporation's Blytheville, Arkansas facility. Under Maverick Tube's policies, Whitehorn was responsible for securing the pipes to his truck before driving. After the accident, Maverick Tube investigated and determined that Whitehorn had not strapped down the pipes before

driving. Maverick Tube fired Whitehorn, and he sued, alleging that he was fired based on his race and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), and the Age Discrimination in Employment Act, 29 U.S.C. § 623. Maverick Tube moved for summary judgment, and the district court[1] granted the motion. Whitehorn appeals.

"We review a grant of summary judgment *de novo*, viewing the record in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Richardson v. Omaha Sch. Dist.*, 957 F.3d 869, 876 (8th Cir. 2020) (internal quotation marks omitted). "Courts must grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted); *see* Fed. R. Civ. P. 56(a).

Because Whitehorn "did not provide direct evidence of unlawful discrimination," his "claim is therefore subject to the *McDonnell Douglas* analysis." *Macklin v. FMC Transp., Inc.*, 815 F.3d 425, 427 (8th Cir. 2016). "Under the *McDonnell Douglas* framework, a presumption of discrimination arises when the plaintiff establishes a prima facie case of discrimination." *Id.* "If a plaintiff establishes his prima facie case, the burden shifts to the defendant to show a nondiscriminatory reason for the adverse action." *Id.* "If the defendant does so, the burden shifts back to the plaintiff to establish that the proffered non-discriminatory reason is pretextual," *id.* at 427-28, such as by showing that his employer's explanation of the firing was false, *see Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1003 (8th Cir. 2012), or that "similarly situated employees who are not members of the protected group were treated differently," *Gilmore v. AT&T*, 319 F.3d 1042, 1046 (8th Cir. 2003).

---

[1]The Honorable D. Price Marshall Jr., United States District Judge for the Eastern District of Arkansas.

For the sake of argument, we assume that Whitehorn established a *prima facie* case of discrimination. However, even if he did, Maverick Tube provided "a nondiscriminatory reason" for firing Whitehorn: he had failed to secure over 10,000 pounds of pipe to the back of his truck and had previously been disciplined for failing to follow safety procedures.

Whitehorn attempts to show pretext by arguing that Maverick Tube's explanation for his firing is false and that similarly situated coworkers were treated more favorably. However, both arguments fail. He first argues that a genuine dispute of material fact exists regarding pretext because the pipes fell from his truck due to ice, chemicals, and bad roads at the Maverick Tube facility rather than any failure on his part to tie down the pipes. But even if that is true,

> [i]f an employer, in explaining a termination, says it believed that the employee violated company rules, then proof that the employee never violated company rules does not show that the employer's explanation was false. That proof shows only that the employer's belief was mistaken. To prove that the employer's explanation was false, the employee must show the employer did not truly believe that the employee violated company rules.

*Pulczinski*, 691 F.3d at 1003. Although Whitehorn suggests in vague terms that Maverick Tube assigned certain supervisors to him for the purposes of "creat[ing] a paper trail documenting [his] errors" to justify his firing, nowhere does he argue that Maverick Tube did not actually believe that he had failed to secure the pipes to his truck.

Whitehorn also has not demonstrated that "similarly situated employees who are not members of the protected group were treated differently." *Gilmore*, 319 F.3d at 1046. A similarly situated coworker is someone who "dealt with the same supervisor, [was] subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances." *Johnson v. Securitas Sec. Servs. USA, Inc.*, 769 F.3d 605, 613 (8th Cir. 2014) (en banc). Whitehorn's two

comparators with the same position and supervisor are both the same race as Whitehorn. Because they are part of the same protected group as Whitehorn, neither can serve as comparators for his race-discrimination claim. As for Whitehorn's age-discrimination claim, one of the two comparators is only a few years younger than Whitehorn. *See O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313 (1996) (holding that a comparator cannot be "insignificantly younger"); *Wittenburg v. Am. Exp. Fin. Advisors*, 464 F.3d 831, 840 (8th Cir. 2006) (holding that a comparator six years younger than the plaintiff is insignificantly younger); *Girten v. McRentals, Inc.*, 337 F.3d 979, 982 (8th Cir. 2003) (holding that a nine-year age difference may not be enough to infer age discrimination). Although the other comparator is sufficiently younger, he did not have a comparable safety incident on his record and therefore did not engage in the same conduct as Whitehorn. Thus, he cannot serve as a comparator for Whitehorn's age-discrimination claim.

Because Whitehorn failed to demonstrate that Maverick Tube's proffered reason for his firing was pretextual, we affirm the district court's grant of summary judgment. *See* 8th Cir. R. 47B.

_____